UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacqueline Smith,<br>*individually and on behalf of a class*,<br><br>    Plaintiff,<br><br>  v.<br><br>Allied Interstate, Inc.,<br><br>    Defendant. | Civil Action No. 1:08-cv-6986 |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

  Plaintiff Jacqueline Smith ("Plaintiff") respectfully requests that this Court enter an order: (i) certifying the class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement ("Agreement") by entering an order in the form of <u>Exhibit C</u> to the Agreement; and (iii) appointing Jacqueline Smith as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") and Kleinmann, LLC as class counsel.  In support of this motion, the Plaintiff states as follows:

  1. Plaintiff filed the above captioned lawsuit against defendant Allied Interstate, Inc. ("Allied") alleging that it violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by falsely representing that a debt collector was attempting to collect the debt in order to mislead the consumer.

  2. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible

1

outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendant entered into the Agreement. (Appendix A).

    3.    For settlement purposes only the parties have stipulated to the certification of a class and have agreed that for settlement purposes only the class as defined below meets all the requirements of Rule 23. Specifically:

    a.    Class members are ascertainable and so numerous that joinder of all members is impracticable;

    b.    There are questions of law or fact common to the Class, and there is a well-defined community interest among class members with respect to the subject matter of the litigation;

    c.    The claims of the Plaintiff are typical of the claims of the Class members;

    d.    Plaintiff has fairly and adequately protected the interests of the Class members;

    e.    A class action is superior to other available methods for an efficient adjudication of this controversy; and

    f.    The law firms of Edelman, Combs, Latturner & Goodwin, LLC and Kleinmann, LLC ("Class Counsel") are qualified to serve as counsel for the Class.

    4.    The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows:

    a.    <u>Class Certification</u>. Solely for the purpose of settlement in accordance with the Agreement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the parties request this Court to provisionally certify the following settlement class ("Settlement Class"):

>all persons who were sent and received the Letter (as defined in the Agreement), mailed to an address in the state of New York, at any time from August 5, 2007 to August 25, 2008, inclusive.

According to the representations of Defendant, there are approximately 9,500 class members.

      b.    <u>Class Notices</u>.  Within thirty (30) business days of this date, and pursuant to the procedures detailed in the Agreement, Allied shall create a list of Class Members and provide this list to the Settlement Notice Administrator.  Within thirty (30) business days thereafter, and pursuant to the procedures detailed in the Agreement, the Settlement Notice Administrator shall provide notice of the Settlement and of the Final Approval Hearing to each Class Member by mailing to the last known address for the Class Member a copy of the Class Notice, substantially in the form attached to the Agreement as Exhibit B, together with a copy of the Claim Form, substantially in the form attached to the Agreement as Exhibit A.

      If any Class Notice mailed pursuant to the Agreement and the above paragraph is returned by the United States Postal Service as undeliverable, Allied or the Settlement Notice Administrator shall re-mail the Class Notice, together with the Claim Form, to the forwarding address, if any, provided on the face of the returned mail.  If the returned mail does not reflect a forwarding address, then neither the Settlement Notice Administrator nor Allied shall have any additional obligation to locate the Class Member or re-mail the Class Notice and Claim Form.  Other than as set forth above, Allied and the Settlement Notice Administrator shall have no other obligation to re-mail Claim Forms and Class Notices.  Allied shall have no obligation of publication notice, or of any other notice whatsoever.

      c.    <u>Class Members' Right to Opt Out</u>.  Any Class Member who wishes may elect not to participate in the Action and the Settlement.  Any such person must personally

complete an individual, written, and signed notice of intention to opt out of the settlement and mail it to the address contained in the Class Notice by the date indicated therein. The notice of intention to opt out shall unequivocally state an intent not to participate in the Settlement and to waive all rights to the benefits given in the Settlement ("Valid Opt-Out"). Any Class Member who does not submit a timely Valid Opt-Out, and otherwise comply with all requirements for opting out as may be contained in the Agreement and this Order, shall be considered as continuing to participate in the Action and as remaining a member of the Settlement Class, and shall be bound by the Agreement, the Settlement, and the Release.

        d.     <u>Claim Form</u>. Any Class Member who has not filed a timely Valid Opt-Out and wishes to receive a Benefit Check must submit a Valid Claim Form. To be considered a Valid Claim Form, a Claim Form must (a) be completely and truthfully filled out by each Class Member to whom the Letter was addressed (or his or her legal representative); (b) state that the Class Member, to the best of his or her knowledge, received the Letter; (c) be executed under penalty of perjury by the Class Member (or his or her legal representative); (d) be timely returned to the address indicated on the Claim Form; and (e) state that the Class Member did not file for bankruptcy at any time after receiving the Letter. Claim Forms must be mailed to the address stated in the Class Notice and must be postmarked no later than MONTH DAY, 2009, or the Claim Form will be deemed invalid.

        e.     <u>Relief to Plaintiff and the Class</u>.

        (1)     Allied agrees to create a class fund in the amount of $47,000 to settle the claims of the Plaintiff and the class. After the deduction of any Plaintiff's attorney fee award, litigation cost award, incentive award and settlement claims costs, each class member who does not exclude him or herself and who timely returns a claim form, will receive a pro rata

share of the class settlement fund.  Defendant estimates that there are approximately 9,500 class members.

(2) Plaintiff's counsel will petition the Court to receive attorneys' fees and litigation costs in the amount of $14,100.  This amount shall be paid from the Class Fund of $47,000.  Defendant will not oppose this award.  Plaintiff's counsel will also petition the Court for payment of an incentive award to Plaintiff Smith in the amount of $1,500, for her efforts as Plaintiff and Class Representative.  This additional amount requested will also be paid from the Class Fund of $47,000.   Defendants will not oppose the incentive award.  Lastly, approximately $4,500 will be applied to settlement claims costs.

(3) After the deduction of any Plaintiff's attorney fee award, litigation cost award, incentive award and settlement claims costs, and based on a return rate of approximately 10-20%, the parties estimate that each class member who submits a valid claim form will receive approximately $14.15 to $28.31.

5. Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

6. The parties have conferred regarding this motion and Defendant does not oppose this motion.

7. The parties are currently in the process of executing the settlement agreement.  Upon completion, the parties will file a fully executed copy with this Court.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order in the form of <u>Exhibit C</u> to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) appoints Jacqueline Smith as Class Representative and Edelman, Combs,

Latturner & Goodwin, LLC ("ECLG") and Kleinmann, LLC as class counsel; (iii) directs the mailing of a claim form and notice, in the forms of Exhibits A and B to the Agreement, respectively, and (iv) sets dates for opt-outs, objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

                                               Respectfully submitted,

                                               s/ Cathleen M. Combs
                                               Cathleen M. Combs

Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (FAX)

Abraham Kleinman
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 552-1692 (FAX)
akleinman@solve360.com

## **CERTIFICATE OF SERVICE**

      I, Cathleen M. Combs, hereby certify that on March 18, 2009, a copy of the foregoing **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS** was filed electronically. Notice of this filing will be sent to the registered participants identified on the Notice of Electronic Filing by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                               s/ Cathleen M. Combs
                                               Cathleen M. Combs

Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (FAX)