UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/09

Jacqueline Smith,
*individually and on behalf of a class*,

        Plaintiff,

v.

Allied Interstate, Inc.,

        Defendant.

Civil Action No. 1:08-cv-6986

## ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVISIONALLY APPROVING CLASS FOR SETTLEMENT PURPOSES, PROVISIONALLY APPROVING AND APPOINTING CLASS COUNSEL, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING AND ADMINISTRATION

This matter having come before the Court upon the Motion of Plaintiff Jacqueline Smith ("Plaintiff"), individually and on behalf of a class of persons, for preliminary approval of a settlement reached between Plaintiff and defendant Allied Interstate, Inc. ("Allied"), and upon consideration of the Parties' Settlement Agreement dated March 18, 2009 (the "Agreement") and the exhibits thereto, and the entire record herein, IT IS HEREBY ORDERED AS FOLLOWS:

1. The terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable, and adequate, subject to further consideration thereof at the Final Approval Hearing described at paragraph 13 of this Order.

2. The Agreement is hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

3. Solely for the purpose of settlement in accordance with the Agreement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby

1

provisionally approves the following settlement class ("Settlement Class"):

> All persons who were sent and received the letter attached as Exhibit A to Plaintiff's complaint or any letter of same form sent by Allied (i.e., a letter materially similar to Exhibit A but with the Class Member's name and address in place of the name and address of Plaintiff), mailed to an address in the state of New York, at any time from August 5, 2007 to August 25, 2008, inclusive.

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

4. For settlement purposes only, and subject to further consideration at the Final Approval Hearing described in paragraph 13 below, the Settlement Class is provisionally found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

5. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, Representative Plaintiff Jacqueline Smith is conditionally designated as representative of the Settlement Class and Plaintiff's Counsel are conditionally appointed as counsel for the Settlement Class ("Class Counsel"). The law firms and attorneys conditionally representing the Settlement Class are:

| | |
|---|---|
| Cathleen M. Combs, Esq.<br>EDELMAN, COMBS, LATTURNER & GOODWIN, LLC<br>120 S. LaSalle St., 18th Floor<br>Chicago, IL 60603 | Abraham Kleinmann, Esq.<br>KLEINMANN LLC<br>626 RexCorp Plaza<br>Uniondale, NY 11556 |

6. Within thirty (30) days *(May 6, 2009)* of the date of this Order, and pursuant to the procedures detailed in the Agreement, Allied is directed to create a list of Class Members and provide this list to the Settlement Notice Administrator. Within thirty (30) days thereafter *(June 5, 2009)*, and pursuant to the procedures detailed in the Agreement, the Settlement Notice Administrator shall provide notice of the Settlement and of the Final Approval Hearing to each Class Member by mailing to the last known address for the Class Member a copy of the Class

Notice, substantially in the form attached to the Agreement as Exhibit B, together with a copy of the Claim Form, substantially in the form attached to the Agreement as Exhibit A.

7. If any Class Notice mailed pursuant to the Agreement and paragraph 6 above is returned by the United States Postal Service as undeliverable, Allied or the Settlement Notice Administrator shall re-mail the Class Notice, together with the Claim Form, to the forwarding address, if any, provided on the face of the returned mail. If the returned mail does not reflect a forwarding address, then neither the Settlement Notice Administrator nor Allied shall have any additional obligation to locate the Class Member or re-mail the Class Notice and Claim Form. Other than as set forth above, Allied and the Settlement Notice Administrator shall have no other obligation to re-mail Claim Forms and Class Notices.

8. The Court finds that the Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice and Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no other notice other than that identified in the Agreement is reasonably necessary in the Action.

9. Any Class Member who wishes may elect not to participate in the Action and the Settlement. Any such person must personally complete an individual, written, and signed notice of intention to opt out of the settlement and mail it to the address contained in the Class Notice by the date indicated therein. The notice of intention to opt out shall unequivocally state an intent not to participate in the Settlement and to waive all rights to the benefits given in the Settlement ("Valid Opt-Out"). Any Class Member who does not submit a timely Valid Opt-Out, and otherwise comply with all requirements for opting out as may be contained in the Agreement

3

and this Order, shall be considered as continuing to participate in the Action and as remaining a member of the Settlement Class, and shall be bound by the Agreement, the Settlement, and the Release.

10. Any Class Member who has not opted out of the Settlement Class and who wishes to object to the Settlement, in whole or in part, must file a written objection to the Settlement or Agreement ("Objection") with the Court, and contemporaneously serve it upon Class Counsel and Counsel for Allied, no later than *July 20, 2009*. To be considered valid, each Objection must be timely (as judged by the filing deadline set forth above) and each Objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the Class Member's original signature or the original signature of a person authorized by law (e.g., trustee or guardian *ad litem*) to act on the Class Member's behalf with respect to a claim or right such as is at issue in the Action (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (c) state that the Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and factual basis for the Class Member's Objection; and (e) provide copies of any documents that the Class Member wishes to submit in support of the Objection. Objections may be filed by counsel for a Class Member. Any Class Member who does not submit a timely Objection in complete accordance with the Agreement, the Class Notice, and otherwise as ordered by the Court in this Order shall not be treated as having filed a valid Objection to the Settlement. Objections that are untimely and/or otherwise invalid will not be considered by this Court.

11. Any Class Member who has not filed a timely Valid Opt-Out and wishes to receive a Benefit Check must submit a Valid Claim Form. To be considered a Valid Claim Form, a Claim Form must (a) be completely and truthfully filled out by each Class Member to

whom the Letter was addressed (or his or her legal representative); (b) state that the Class Member, to the best of his or her knowledge, was sent and received the Letter; (c) be executed under penalty of perjury by the Class Member (or his or her legal representative); (d) be timely returned to the address indicated on the Claim Form; and (e) state that the Class Member (1) did not file for bankruptcy at any time after receiving the Letter; (2) has since been discharged from bankruptcy (so long as the estate does not retain an interest in any claims or rights within the scope of the Release); or (3) has obtained written consent from his or her Bankruptcy Trustee to participate in the Settlement, and includes a copy of this consent with the Claim Form. Claim Forms must be mailed to the address stated in the Class Notice and must be postmarked no later than *July 20, 2009*, or the Claim Form will be deemed invalid.

12. On or before the date of the Final Approval Hearing, Class Counsel and Counsel for Allied shall create and file with the Court a list with the names and addresses of all persons who have timely filed Valid Opt-Outs.

13. A hearing (the "Final Approval Hearing") shall be held before the undersigned at 10:00 a.m. on *September 10, 2009*, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement and final judgment entered thereon pursuant to Fed. R. Civ. P. 54(b); (c) whether Class Members should be bound by the Release set forth in the Agreement; (d) whether the Settlement should be finally certified; (e) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or

otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release; (f) whether Plaintiff's Counsel should be finally approved and appointed as Class Counsel on behalf of the Settlement Class; (g) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any; and (h) the amount of the award to be awarded to Plaintiff for her service as class representative, if any. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.

14. Memoranda in support of the Settlement, applications for an Attorney Fee and Cost Award, and applications for a Representative Plaintiff's Award to the Representative Plaintiff, shall be filed with the Court no later than seven (7) days before the Final Approval Hearing *(which will be held on September 10, 2009).* HB

15. Any Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, and contemporaneously serve the notice on Class Counsel and Counsel for Allied, on or before *July 20, 2009*. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Order, the Class Notice and/or the Agreement shall be barred from appearing at the Final Approval Hearing.

16. Any Class Member who wishes to intervene in the Action or seek other relief from the Court must file with the Court, and contemporaneously serve on Class Counsel and Counsel for Allied, an appropriate motion or application, together with all supporting pleadings or documentation, on or before *July 20, 2009*.

17. All other events contemplated by the Agreement to occur after this Order and

6

before the Final Approval Hearing shall be governed by the Agreement, to the extent not inconsistent herewith.

18.     The parties are hereby authorized to establish the means necessary to administer the Settlement as provided for in the Agreement.

19.     All proceedings in the Action with respect to the Settlement Class, other than such as may be necessary to carry out the terms and conditions of the Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

20.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all Orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Allied, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the claims of the Settlement Class were to be litigated rather than settled.

21.     Neither the Settlement nor the Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any

wrongdoing, liability, or violation of law by Allied, which vigorously denies all of the claims and allegations raised in the Action.

22.  The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Allied and without future notice to the Class Members.

23.  No Class Member, or any other person acting on behalf of or in concert with a Class Member, may exclude any other Class Member from the Settlement Class. All Class Members who have not timely filed Valid Opt-Outs, and all persons acting on behalf of or in concert with any such Class Members, are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against Allied that asserts or purports to assert claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope of the Release, as embodied in paragraphs 4.01 and 4.02 of the Agreement; and (ii) organizing or soliciting Class Members or persons who have opted out for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Class Members or opt-outs that asserts or purports to assert claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope of the Release, as embodied in paragraphs 4.01 and 4.02 of the Agreement.

24.  Except as set forth in this Order and the Agreement, no person or entity, including but not limited to Class Counsel, Counsel for Allied, Representative Plaintiff, or Allied, shall be permitted to provide notice to or otherwise initiate mass communications with Class Members, concerning the Settlement or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel for Allied. Class Counsel shall have the right to respond to inquiries

8

initiated by individual class members concerning the Settlement.

25. Except as set forth in this Order and the Agreement, the Parties (and Class Counsel and Counsel for Allied) shall not issue or cause to be issued any public, mass, or generalized communications about the Settlement (other than disclosures required by law), whether by press release, advertisements, Internet postings, or any other means or media, without prior approval of the Court and/or the express written consent of the other Party, provided, however, that Class Counsel may provide information about the Settlement on its firm website.

Dated: April 8, 2009

_____
Honorable Harold Baer, Jr.
United States District Judge

9